**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY JONES, | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION NO. 10-00495-KD-M** |
| JOHNNY MILLER, | ) | |
|     **Defendant.** | ) | |

**ORDER**

This matter is before the Court on Plaintiff Timothy Jones' Motion for Extension of Time to File [a Rule 59(b)] Motion for New Trial (Doc. 125) and Request to Stay [his] Notice of Appeal (Doc. 126).[1]

Following the September 5, 2012 jury trial, Jones filed a Notice of Appeal and thus, this case is presently on appeal before the Eleventh Circuit such that this Court lacks jurisdiction over those aspects of the case involved in the appeal. See In re Walker, 515 F.3d 1204, 1211 (11th Cir. 2008) (stating that "[t]he filing of a proper notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the appellate court and divests the trial court of its control over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 . . . (1982)[]"). See also Munoz v. U.S., Slip Copy, 2009 WL 1651427 (S.D. Fla. Jun. 10, 2009) (finding that "[s]ince the Eleventh Circuit has acknowledged receipt of Petitioner's appeal, is proceeding with the appeal, and . . . has not remanded the case, I do not have jurisdiction to consider the instant Motion[]"); In re Roberts, 291 Fed. Appx. 296 (11th Cir. 2008) (providing that "the filing of a notice of appeal generally 'confers jurisdiction on the court

---

[1] While Jones filed these two (2) motions *pro se*, and is proceeding *pro se* on appeal, he is still represented by counsel Stewart Hanley (a court appointed attorney) as a matter of record.

of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *In re Mosley*, 494 F.3d 1320, 1328 (11th Cir. 2007)").

Upon consideration, the Court lacks jurisdiction to take action regarding Jones' two (2) motions (even if Jones were to timely file a Rule 59(b) motion for a new trial).  11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2821 at 222 (2d ed. 1995) (providing that where a notice of appeal is filed, a subsequent Rule 59(b) motion for new trial – even if timely – is ineffective as jurisdiction is no longer in the district court).  See also e.g., Baker v. Windsor Republic Doors, 2008 WL 2461383, *7-8 (W.D. Tenn. 2008).  Accordingly, it is **ORDERED** that Jones' motions (Docs. 125, 126) are **DENIED** due to lack of jurisdiction before this Court.

**DONE** and **ORDERED** this the **24th** day of **October 2012.**

 _s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**