IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY JONES,<br>    Plaintiff,<br><br>v.<br><br>JOHNNY MILLER,<br>    Defendant. | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 10-00495-KD-M<br>)<br>)<br>) |

**ORDER**

This matter is before the Court on Plaintiff Timothy Jones' Motion for a New Trial and Rule 60(b) Collateral Relief in which Plaintiff requests that the Court grant a new trial, vacate the judgment, issue a temporary stay of his appeal, and hold an evidentiary hearing to establish "the essential facts supporting a new trial and the collateral relief" requested.  (Docs. 128, 129).[1]

Following the September 5, 2012 jury trial, Jones filed a Notice of Appeal and thus, this case is presently on appeal before the Eleventh Circuit such that this Court lacks jurisdiction over those aspects of the case involved in the appeal.  See In re Walker, 515 F.3d 1204, 1211 (11th Cir. 2008) (stating that "[t]he filing of a proper notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the appellate court and divests the trial court of its control over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 . . . (1982)[]").  See also Munoz v. U.S., Slip Copy, 2009 WL 1651427 (S.D. Fla. Jun. 10, 2009) (finding that "[s]ince the Eleventh Circuit has acknowledged receipt of Petitioner's appeal, is proceeding with the appeal, and . . . has not remanded the case, I do not have jurisdiction to consider the instant Motion[]"); In re Roberts, 291 Fed. Appx. 296 (11th Cir.

---

[1] While Jones filed these two (2) motions *pro se*, and is proceeding *pro se* on appeal, he is still represented by counsel Stewart Hanley (a court appointed attorney) as a matter of record.

2008) (providing that "the filing of a notice of appeal generally 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *In re Mosley*, 494 F.3d 1320, 1328 (11th Cir. 2007)").

As already stated in the Court's most recent Order (Doc. 127), the Court lacks jurisdiction to take action regarding Jones' motions filed after the filing of his Notice of Appeal. 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2821 at 222 (2d ed. 1995) (providing that where a notice of appeal is filed, a subsequent Rule 59(b) motion for new trial – even if timely – is ineffective as jurisdiction is no longer in the district court). See also e.g., Baker v. Windsor Republic Doors, 2008 WL 2461383, *7-8 (W.D. Tenn. 2008).  Indeed, the filing of Jones' Notice of Appeal divested the court of jurisdiction over those aspects of the case that are the subject of the appeal such that this Court may only entertain motions on matters collateral to those on appeal.  See, e.g., Miccosukee Tribe of Indians of Fla. v. U.S., 2011 WL 1624977, *15 (S.D. Fla. Apr. 26, 2011).  Jones identifies his Rule 60(b) motion as one for collateral relief; however, it clearly is not.  Rather Jones seeks to vacate the judgment and obtain a new trial based on his ineffective assistance of counsel argument – an argument which is the singular grounds for his current appeal.  Moreover, even if the Court had jurisdiction to consider Jones' Rule 60(b) motion (after construing same as filed pursuant to Rule 60(b)(6) for "any other reason that justifies relief" as no particular grounds have been identified by Jones), he has failed to show the extraordinary circumstances necessary to obtain the relief he seeks. "[R]elief under this clause [rule 60(b)(6)] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Crapp v. City of Miami Beach, 242 F.3d 1017, 1020 (11th Cir. 2001).  Even if a movant can persuade the court that the circumstances are sufficiently extraordinary to warrant relief, whether to grant the relief

is "a matter for the district court's sound discretion." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000). Jones has not shown that exceptional circumstances warrant the relief requested.

Accordingly, upon consideration it is **ORDERED** that Jones' Motion and all of the relief requested in same (Docs. 128, 129) is **DENIED**.

**DONE** and **ORDERED** this the **6**$^{\text{th}}$ day of **November 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**