# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 10-0495-KD-M |
| | ) |
| JOHNNY MILLER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on a filing addressed to the undersigned and styled "Judicial Complaint" (doc. 144). The gravamen of this document is a request by *pro se* plaintiff, Timothy Jones, that the undersigned, in his capacity as Chief Judge of the United States District Court for the Southern District of Alabama, take action against U.S. District Judge Kristi DuBose, to whom this case has been assigned since its inception. As Jones frames his request, "Judge DuBose should be reprimanded for her unethical behavior" relating to the appointment of counsel for trial. (Doc. 144, at 3.)

Plaintiff's attempt to involve the undersigned in this matter is misguided. The position of chief judge does not confer upon its occupant the authority to "reprimand" or review the decisions of another district judge. *See, e.g., In re McBryde*, 117 F.3d 208, 225 (5th Cir. 1997) ("the chief judge cannot sit as a quasi-appellate court and review the decisions of other judges in the district"); *In re Steeley*, 243 F.R.D. 421, 449 (Bankr. N.D. Ala. 1999) ("A litigant who is unhappy with a ruling from one court may not seek relief from another court of equal judicial status."); *Dhalluin v. McKibben*, 682 F. Supp. 1096 (D. Nev. 1988) ("[T]he structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction."); *United States v. Heath*, 103 F. Supp. 1, 2 (D. Haw. 1952) ("No express or implied power is granted a chief judge to affect administratively, directly or indirectly, litigation assigned to and pending before another judge of the court."); *Cobble v. Bernanke*, 2009 WL 1076137, *2

(W.D. Ky. Apr. 21, 2009) (the law "does not confer upon a chief judge the authority to disturb or alter the decisions of other district court judges"); *Williams v. Prison Health Services*, 2007 WL 844322, *1 (D. Kan. Mar. 16, 2007) (applicable law "does not grant either express or implied authority to a chief judge to take action in litigation which has been assigned to another judge of the court," such that plaintiff's request for chief judge to do so "would require an improper intrusion into the administration of an action pending before another judicial officer").

Insofar, then, as plaintiff is requesting that the undersigned, as Chief Judge, review, interfere with, or otherwise consider the propriety of Judge DuBose's rulings in this case, that request is **denied**.

DONE and ORDERED this 9th day of September, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE